```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF IOWA
                  WESTERN DIVISION
```

MICHELE A. FREEMAN,

    PLAINTIFF,          **No. 04-CV-4044-DEO**

v.                             **ORDER**

"SOLUTIONS", INC.,

    DEFENDANT

_____

After briefing by the parties, the Court held a hearing on June 1, 2006, regarding defendant's, "Motion For Summary Judgment Oral Argument Requested" (Docket No. 14, 07-26-2005).

**I. SYNOPSIS OF PLAINTIFF'S COMPLAINT**

The plaintiff's, "First Amended Complaint And Jury Demand" (Docket No. 12, 12-03-2004) has 6 Counts:

    **A. Count I**

Violation of Title VII, 42 U.S.C. §2000(e)-Sex Discrimination.

Plaintiff claims that defendant discriminated against her regarding the terms and conditions of her employment/employment opportunities, and defendant maintained a hostile working environment and permitted sex discrimination/harassment.

**B. Count II**

Violation of the Iowa Civil Rights Act-Sex Discrimination.

State law claim related to Count I.

**C. Count III**

Violation of Title VII, 42 U.S.C. §2000(e)-Retaliation

Defendant fired plaintiff in retaliation of her attempt to assert her rights.

**D. Count IV**

Violation of the Iowa Civil Rights Act-Retaliation

State law claim related to Count III.

**E. Count V**

Violation of Title VII, 42 U.S.C. §2000(e)-Hostile Work Environment/Sexual Harassment.

Defendant's harassment/discrimination created a unwelcome hostile/offensive working environment that plaintiff was required to work in.

**F. Count VI**

Violation of Iowa Wage Payment Law.

Defendant failed to pay wages due to plaintiff at the time she was terminated.

**II. SYNOPSIS OF DEFENDANT'S SUMMARY JUDGMENT MOTION**

Defendant offers the following to support its motion for summary judgment (Docket No. 14):

1. Any claims arising from the events in May 2002 at the Indianapolis convention are untimely as they fall outside the 180-day requirement for reporting.

2. Defendant and plaintiff were engaged in a consensual sexual relationship.

3. Any profane/hostile language was related to plaintiff's conduct and does not amount to sexually hostile and was not severe/pervasive/or frequent enough to support this action.

4. Defendant had legitimate, non-gender reasons for restructuring the sales force and gender discrimination was not a factor. Defendant claims that plaintiff's poor attendance record, work record, attitude and argumentativeness were all valid non-bender reasons to terminate her employment.

5. Defendant claims he paid plaintiff all sums that she was due.

## III. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 calls for the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Greer v. Shoop, 141 F.3d 824, 826 (8th Cir. 1998). Summary judgment will be granted if the pleadings and record show that there is no genuine issue of material fact, and the movant is therefore entitled to judgment as a matter of law. FEDERAL RULES OF CIVIL PROCEDURE 56(c). An issue of material fact is genuine if it has a real basis in the record. Quick v. Donaldson Co., 90 F.3d 1371 (8th Cir. 1996). As to whether a factual dispute is "material," the United States Supreme Court has explained that only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed.2d 202, 106 S. Ct. 2505 (1986). The court must view all the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts.

Quick, 90 F.3d at 1374.

Additionally, the Eighth Circuit has cautioned that 'summary judgment should seldom be used in employment-discrimination cases.' Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994). The Crawford court said, "because discrimination cases often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence could not support any reasonable inference for the nonmovant." Id. at 1342. Nonetheless, "summary judgment is proper when a plaintiff fails to establish a factual dispute on an essential element of her claim." Snow v. Ridgeview Medical Ctr., 128 F.3d 1201 (8th Cir. 1997).

**IV. ANALYSIS AS TO COUNTS I-V**

This Court cannot grant defendant's motion for summary judgment with respect to Counts I-V of plaintiff's first amended complaint (Docket No. 12). The Court finds that plaintiff has set forth a genuine issue of material fact with respect to the necessary elements of her five (5) alleged discrimination, retaliation and harassment claims based on Title VII, 42 U.S.C. §2000(e) and the Iowa Civil Rights Act.

A majority of the material and testimony provided to

this Court for consideration centers around the two central characters in this debate. For lack of a better term, the Court finds that this is a lot of "he said-she said," which the Court finds especially unsuited for determination as a matter of law. The Court would note that defendant's counsel, during oral argument in fact, admits that its employee made inappropriate comments, but these comments do not rise to the level necessary to prove plaintiff's case. Given the nature of just such evidence/testimony and other materials presented to this Court, the Court is persuaded that it is necessary and appropriate for a finder of fact to determine the outcome of this matter, and the Court cannot rule as a matter of law that defendant is entitled to judgment in its favor.

**V. ANALYSIS AS TO COUNT VI**

With respect to Count VI of plaintiff's first amended complaint, the Court finds that summary judgment is appropriate. Defendant's motion for summary judgment is granted as it relates to Count VI. The Court finds that plaintiff failed to establish the existence of any amounts owed her by the defendant and as such, given the record and

evidence before the Court, the defendant is entitled to judgment as a matter of law.

**VI. CONCLUSION**

**IT IS THEREFORE HEREBY ORDERED**, after careful consideration of the parties' arguments, the Court **denies** defendant's motion for summary judgment with respect to Counts I-V of plaintiff's first amended complaint, and **sustains** defendant'S motion for summary judgment with respect to Count VI of plaintiff's first amended complaint.

**IT IS FURTHER HEREBY ORDERED** that the parties shall jointly contact the chamber of United States Magistrate Judge Paul A. Zoss by <u>Monday, July 17, 2006</u>, to discuss the pending motion to continue (Docket No. 31) the jury trial which is now scheduled to begin before this Court on August 21, 2006.

**IT IS SO ORDERED** this 12th day of July, 2006.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa